```
CSINIB02/CINIB02    TEXAS DEPARTMENT OF CRIMINAL JUSTICE        01/16/15
RB51/ES00018           IN-FORMA-PAUPERIS DATA                   08:22:13
TDCJ#: 00633145 SID#: 01490530 LOCATION: ROBERTSON      INDIGENT DTE: 06/13/06
NAME: THOMAS,ALLEN GLENN              BEGINNING PERIOD:
PREVIOUS TDCJ NUMBERS: 00298650
CURRENT BAL:        0.00 TOT HOLD AMT:        52.26 3MTH TOT DEP:
6MTH DEP:              6MTH AVG BAL:            6MTH AVG DEP:
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS



PROCESS DATE    HOLD AMOUNT    HOLD DESCRIPTION
                               --------------------
                               NO BANKING ACTIVITY
                               WITHIN THE PAST 6
                               MONTH PERIOD.
                               --------------------
```

STATE OF TEXAS COUNTY OF Jones
ON THIS THE 16 DAY OF January ,15, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE,AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____  OR SID NUMBER: _____

SHAWN M. ELLISON
Notary Public, State of Texas
My Commission Exp 11-26-17
NOTARY PUBLIC
STATE OF TEXAS

SUPREME COURT OF TEXAS

201 W.14th St.ROOM 104

P.O.BOX 12248

Austin,Texas 78711

January 19,2015

BLAKE A.HAWTHORNE CLERK:

RE:Case NO.14-1023

RE:Appellate Cause NO.COA#11-12-00312-CV

Trial Court cause NO.022853

Style:ALLEN GLENN THOMAS

    v.Texas Department of Criminal Justice-OFFICER

    MARCUS A.ADAMS,ET.AL.,

Dear Clerk,

Please be advise and file this PETITION FOR REVIEW,in the above cause number

Please stamp and date this PETITION FOR REVIEW,send me back a stamped,dated copy

of it,the date it was received and filed by you in your court.Thank-you,Sir for

your time,assistance in this legal matter.

RECEIVED
IN SUPREME COURT
OF TEXAS
JAN 23 2015
BLAKE HAWTHORNE, Clerk
BY_____Deputy

                  sincerely,

                  ALLEN GLENN THOMAS#633145

                  French M.Robertson Unit

                  12071 FM 3522

                  Abilene,Texas 79601

[PFR COVER]

IN THE

SUPREME COURT OF TEXAS

RE:CASE NO.14-1023

COA#11-12-00312-CV

---

ALLEN GLENN THOMAS,                          APPELLANT

---

-VS-

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-OFFICER

MARCUS A.ADAMS   ET.AL.,

APPELLEES

---

FROM THE 259TH JUDICIAL DISTRICT COURT OF

JONES COUNTY,TEXAS

---

TRIAL COURT CAUSE NO.022853

---

PETITION FOR REVIEW:

IN THE

SUPREME COURT OF TEXAS

RE:CASE NO.14-1023

201 W.14th St.ROOM 104

P.O.BOX 12248

Austin,Texas 78711

---

COA#11-12-00312-CV

FROM THE ELEVENTH COURT OF APPEALS

100 West Main Street,Suite 300

P.O.BOX 271

EASTLAND,TEXAS 76448

---

TRIAL COURT NO.022853

FROM THE 259TH JUDICIAL DISTRICT COURT OF

JONES COUNTY,TEXAS

P.O.BOX 429

ANSON,TEXAS 79501

-HONORABLE BROOKS H.HAGLER:

---

PETITION FOR REVIEW FOR VACATING OR CORRECTING THE JUDGMENT AND ORDER FROM THE

COURT OF APPEALS-ELEVENTH DISTRICT OF TEXAS-AFFIRMED THE JUDGMENT OF THE TRIAL

COURT TEX.CIV.PRAC.& REM.CODE.CHAPTER 11,VEXATIOUS LITIGANT,$11.101-Memorandum

Opinion by Wright,C.J.(Panel consists of:Wright,C.J.,Willson,J.,and Bailey,J.)

October 9,2014

**A)** TO THE HONORABLE JUSTICE(S) OF SAID COURT

Comes now,ALLEN GLENN THOMAS,TDCJ-CID#633145,Pro-Se,,pursuant to Chapter 11,of the TEX.CIV.PRAC.& REM.CODE.§11.101,TEX.R.APP.RULE 47.1,TEX.R. APP.RULE 52.9

Petitioner will show this Honorable SUPREME COURT OF TEXAS,that the COURT OF APPEALS FOR THE ELEVENTH DISTRICT OF TEXAS has "ERRORED",by AFFIRMING the trial Courts ORDER on October 11,2012,Final judgment,dismissing THOMAS'S Claims with prejudice,and pursuant to TEX.CIV.PRAC.& REM CODE.§11.101

Plaintiff asks this Honorable SUPREME COURT OF TEXAS,to be liberally construed:

See:HAINES v.KERNER,404 U.S.519,92 S.C.t.594,30,L.E.d.2d 652(1972);

MACLIN v.PAULSON,627 F.2d 83,86(7th Cir.1980)

## I.

### DISCOVERY AND EVIDENTIARY HEARINGS:

Petitioner would respectfully,requests that this Good and Honorable Court would Allow for Discovery and/or Evidentiary hearing to be conducted under TEX.R.APP.P RULE 47.1,50(a),90(i),TEX.RULES,CIV.PROC.RULES 166(a),166(c).

A)

IDENITY OF PARTIES AND THEIR COUNSEL:

STYLE:ALLEN GLENN THOMAS

v.
Texas Department of Criminal Justice-OFFICER

MARCUS A.ADAMS,ET.AL.,            DEFENDANT(S)

CHARGING OFFICER(S):

1)Marcus A.Adams;(2:Jamie M.Pritchard;(3:Brody Beck;(4:Diane B.Jarayas;(5:Molly

S.Cedillo;(6:Wesley P.Hedges;(7:Dale M.Dominguez;(8:J.Medillen ;(9:John A.Pompey

SERGENT(S)

10)Donald R.Davis;(11:Brandon D.Wheeler

CAPTIAN(S)

12)William J.Bardin;(13:Robert Hardin

PROPERTY OFFICER(S)

14)Janay B.Williams

WARDEN(S)

15)Senior warden EDDIE L.WHEELER;(16:ASSISTANT(S)JIMMY O.BETCHER;(17:RICHARD G..

LEAL

TDCJ-CID DIRECTOR(S)

18)WILLIAM STEPHEN

DEFENDANT(S)COUNSEL:

19)ASSISTANT OFFICE OF THE ATTORNEY GENERAL-Christin A.Cobe-P.O.BOX 12548-Capitol

Station-Austin,Texas 78711

-IV-[PFR]

B)

## II.

### TABLE OF CONTENTS AND POINTS OF ISSUES:

C)Index of Authorities Cited..............................VI......PAGE NUMBER(S)

D)Statement of case.........................................8-10......

e)Statement of Jurisdiction....................................10......

f)Issues Preswented...........................................10-12

g)Statements of facts..........................................13-14....

h)Summary of the argument.......................................14.....

i)Argument......................................................15-23...

j)Prayer..........................................................24.........

K)Appendix.......................................................25-27.....

l)Necessary contents,unless voluminous or impractible,the appendix must contain a copy of;

   (A)The judgment or other appealable order of the trial court from which rel ief in the court of appeals was sought;

   (B)The jury charge and verdict,if any,or the trial courts findings of fact s and conclusions of Law,if any;

   (C)The opinion and judgment of the court of appeals;and

   (D)The text of any rule,regulation,ordinace,statute,Constitutional provis ion,or other law on which the argument is based(Excluding case law)and the text of any contract or other document that is central to the argument.

2)Opitional Contents:The appendix may contain any other item pertinent to the issu es or points presented for review,including copies or excerpts of relevant court o pinions,statutes,constitutional previsions,documents on which the suit was based, Pleadings and similar material.Items should not be included in the appendix to att empt to avoid the page limts for the petition.

, C)

# III.

## INDEX OF AUTHORITY CITED:

**CASES:**                                                        **PAGE NUMBER(S)**

1)Leonard v.Abbott,171 S.W.3d 451 at 856-58(Tex.App.-Austin,2005,pet.denied).11;13;20

2)Durm v.Calhoun,299 S.W.3d 360 at 369-70(Tex.App.-Dallas 2009)........11

3)Sax v.Votteler,648 S.W.2d 661 at 664(Tex.1983).......................13

4)NELSON v.KRUSEN,678 S.W.2d 918 at 921(Tex.1984).......................14

5)LONE STAR GAS CO.v.RAILROAD COM'N,767 S.W.2d 709 at 710-711(Tex.1989)....15

6)WEST v.ROBINSON,180 S.W.3d 575 at 576-77(Tex.2005).....................15

7)Walp v.Williams,330 S.W.3d 404 at 407(Tex.App.-FortWorth 2010,no.pet)........16

8)SCOTT v.Dep't of Crim.Justice-Institutiomnal Div.2008,Tex.App.LEXIS 8941(Tex.App.-Corpus Christi Nov.2008).....................17-19.............17;18;19

9)Spiller v.Spiller,21 S.W.3d 451 at 454(Tex.App.-San Antonio 2000,no.pet)........17

10)In re Marriage of Grossnickle,115 S.W.3d 238 at 252(Tex.App.-Texarkana 2003,no.pet).....................................................................17

11)Disher v.Huitt-Zollars,Inc.,162 S.W.3d 370 at 377(Tex.App.-Dallas 2005,no.pet).17

12)Nabelek v.Johnson,NO.04-03-00269-CV,Tex.App.LEXIS 2591,at *9-10(Tex.App.-San Antonio,Apr.6,2005,pet.denied).........................................18;19

13)ALLEN GLENN THOMAS v.TEXAS DEPARTMENT OF CEIMINAL JUSTICE-INSTITUTIONAL (Tex.App.-EASTLAND,June 12,2014)(no hearing conducted)...........................19

14)Tuner v.Grant,2011 Tex.App.-LEXIS 9250(Tex.App.-Amarillo,Nov 22,2011)......20;22

15)Zieba v.Martin,928 S.W.2d 782 at 786(Tex.App.-Houston[14th Dist]1996,no writ)20;22

16)Crawford v.Hope,898 S.W.2d 937 at 940-41(Tex.App.-Amarillo 1995,writ denied)@):@@ ........................................................................20;22

17)Downer v.Aquamarine Operators,Inc.701 S.W.2d 238 at 241-42(Tex.1985).......20

18)THOMAS v.KNIGHT,52 S.W.3d 292 at 294-95(Tex.App.-Corpus CHRISTI,2001)..20;23

19)Devoll v.State,155 S.W.3d 498 at 502(Tex.App.-San Antonio 2004)......20;22

c)

## III.

### INDEX OF AUTHORITY CITED:

CASES:                                                    PAGE NUMBER(S)

20)IN RE PRUDENTIAL INS.,CO.OF AMERICA,148 S.W.3d 124 at 135-36(Tex.2004)...21

21)Brown v.McLenna County Children's Protective Sers.,627 S.W.2d 390 at 393(Tex.1982)21

22)Brady v.United States,397 U.S.742,748,90 S.C.t.1463,25 L.E.d.2d 747(1970)..21

23)DALLAS MOFNING NEWS v.FIFTH COURT OF APPEALS,842 S.W.2d 655 at 658(Tex.1992).21

24)Walker v.Packer,827 S.W.2d 833 at 840(Tex.1992).............................21;23

25)Yarbrough,898 S.W.2d 251 at 253(Tex.1995)...................................23

26)Retzlaff v.GOAMERICA COMMUNS Corp.356 S.W.3d 689 at 702,2011 Tex.App.

LEXIS 8020(Tex.App.-ElPaso 2011).............................................23

27THOMAS v.SKINNER,54 S.W.3d 845 at 846-47(Tex.App.-Corpus Christi 2001).......23

28)Barr v.Resolution Trust Corp.,837 S.W.2d 627 at 630-31(Tex.1992).............23

d)STATEMENT OF THE CASE:The petition must contain a statement of the case that sho uld seldom exceed one page and should not discuss the facts.The statement must con tain the Following:A concise description of the nature of the case(e.g.,whether it is a suit for damages,on a note,or in trespass to try title:)

1)Plaintiff THOMAS'S suit is for damages under Inmate's Claim for Lost or Damage Property,Tex.Gov't CODE.§§24.007;501.007;Tex.Const.Art.1,§§§§§3;3a;8;13;17;19;Unit ed States Const.1st;4th;5th;6th;7th;8th;14th Amend[s];42 U.S.C.§1983;42 U.S.C.ADA§ 12131-34(e.g.,for injunctive relief)

2)The name of the judge who signed the order or judgment appealed from:Honorable BROOKS H.HAGLER,The 259TH JUDICIAL DISTRICT SMALL CLAIMS COURT OF TEXAS

3)The designation of the trial court and the county inwhich it is located:JONES County,COURTHOUSE-P.O.BOX 429-ANSON,TEXAS 79501

4)The disposition of the case by the trial court,dismissing withprejudice,as an VEXATIOUS LITIGANT,Pre-filing,pursuant to Tex.Civ.Prac.& Rem.CODE.Chapter 11.101

5)The parties in the Court of Appeals the Eleventh District of Texas,STYLE:ALLEN GLENN THOMAS v.TEXAS DEPARTMENT OF CRIMINAL JUSTICE-OFFICER MARCUS A.ADAMS.ET.AL

6)The district of the court of Appeals is the Eleventh District of Texas-P.O.BOX 2 71-EASTLAND,TEXAS 76448

7)The names of the justices who participated in the decision in the court of appea ls,the author of the opinion for the court,and the author of any separate opinion, Memorandum opinion by Wright,C.J.(Panel consists of:Wright,C.J.,Willson,J.,and Bai ley,J.)

8)The citation for the Court of Appeals,opinion,if available,or a statement that the opinion was unpublished,and nontheless,even where a trial court dismissal with prejudice,This court has inspected the record in this cause and concludes that the re is no error in the judgment below.Therefore,in accordance with this court's opi nion,the judgment of the trial court is in all things affirmed.

9)The disposition of the case by the court of Appeals;AFFIRMED,the judgment of the Trial court order dismissing this suit.This court has inspected the record in this case and concludes that there is no error in the judgment below.Therefore,in accor dance with this court's opinion,the judgment of the trial court is in all things a ffirmed.We affirm the October 11,2012 judgment.

d)        STATEMENT OF CASE:(e.g.,This is a suit for damages)

On August 31,2012,Plaintiff THOMAS suit was filed in the 259TH JUDICIAL DISTRICT

COURT OF JONES County,Texas,against seventeea(17) named TDCJ'S officer's,official's

et.al.,defendant's.[1]/ Plaintiff also filed an declaration of inability to pay the

costs,and requested to proceed Informa pauperis,[2]/

Plaintiff stated a Claim under the United States Constitutions,First,Fourth,FIFTH

SIXTH,SEVENTH,EIGHTH,FOURTEENTH AMENDMENTS,42 U.S.C.§1983,and under the TEXAS Const

itutions ARTICLES 1,§§§§§§3;3a;8;13;17;19;Tex.Gov't CODE.§§24.007;501.007,Inmate's

Claim For Lost or Damage Property,by these named TDCJ'S officer's,and official's,

Conspiring and Retaliating,filing False disciplinary cases on me,"Maliciously Prose

uting me without "Preable Cause"for these disciplinary proceedings,against me becau

se of my serious medical condition,Restrictions of "NO LIFTING>50 LBS at that time,

its now been updated to "NO LIFTING>10 LBS,NO LIFTING AT ALL","NO BENDING AT WAIST,

"NO REPETITIVE USE OF HANDS,and because of an inlarge "Hernia",in my right groin,

I have "BACK Problems,I wears an "BACK BRACE",inwhich has cause me to have major

Surgery to my right groin for these two "Hernia",interfering with my serious medici

al condition for these two["HERNIA,BACK PROBLES"],denied,delayed my serious medical

Care,these actions constitutes an "EIGHTH Amendment violation of "DELIBERATE INDIFF

ERENCE",under the United States Constitution,under the "TEXAS Constitution Art.1,

§§§§§§3;3a;8;13;17;19;COMMON LAW OF MALICIOUS Prosecution,by improperly making the

Plaintiff a subject of a legal process to his detriment,Due course,and Due process,

Equal protection of the law under 42 U.S.C.§1983.[3]/ to redress the deprivations

under the "COLOR OF LAW,FEDERAL and STATES LAW OF RIGHTS secured by the Constitution

1)See:Plaintiff's original petition filed August 31,2012,[CR-3-164]

2)See:Plaintiff's AFFIDAVIT OF INDIGENCY AND UNSWORN DECLARATION[CR-171-173]

3)See:Plaintiff's original petition[CR-3-19]

## IV.

d)Of the United States and the States of TEXAS.The trial Court Declared Plaintiff as

A VEXATIOUS LITIGANT",specified in its ORDER,Plaintiff did not obtain permission from

A local Administrative judge with (10)Ten days of the filing Notice that Plaintiff is

A vexatious Litigant,Therefore,it is ORDERED this case is DISMISSED WITH PREJUDICE,

Plaintiff shall take nothing by this suit,This is a Final ORDER that disposes of this

entire case,All relief not specifically granted is denied.[4]/

## V.

(e)                STATEMENT OF JURISDICTION:

The SUPREME COURT OF TEXAS,must have JURISDICTION over the parties,because this is an

Appeal from the decision from the 259TH JUDICIAL DISTRICT COURT OF JONES County,TEXAS,

This case is of such importance to the jurisprudence of the STATE OF TEXAS,that a dire

ct "APPEAL" should be allowed.See:RULES OF APPELLATE PROCEDURE RULES OF SUPREME COURT

OF TEXAS,Rules 38.1;47.1;52.9;53.2;53.7(f);55.5;56.1(a);1-6;57.3;57.4;et.seq.

Plaintiff seeks injuctive relief,are authorized by section 65.001,et.seq.of Tex.Civ.

Prac.& Rem.CODE.,and Declaratory relief,pursuant to section 37.001,ET.seq.of TEX.CIV.

PRAC.& REM.CODE.,and norminal compensatory,punitive damages.

Plaintiff seeks Discovery,should be conducted under Texas Rules of Civil Procedure(Supp

1980),Rule 166(a),(C),level two(2),three(3)of the Tex.Civ.Prac.& Rem.CODE;Texas Rules of

Civil Proc.Rules 190.3(b);190.4(b);Rule 306a Hearings.

## VI.

(f)ISSUES PRESENTED:The brief must state concisely all issues or points presented for

Review.The statement of an issue or point will be treated as covering every subsidiary

question that fairly included.If the matter complained of originated in the trial court,

it should have been preserved for appellate review in the trial court and assigned as

error in the Court of appeals.

---

4)See:Plaintiff ORDER[CR-211-212]

QUESTIONS PRESENTED BEFORE THESE JUSTICES OF THIS SUPREME COURT OF TEXAS:?

1)WHETHER THE COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS ERRORED"IN ITS OPINION,

FAIL TO SATISFY REQUIREMENTS TO ADDRESS EVERY ISSUE RAISED AND NECESSARY TO THE

FINAL DISPOSITION OF THE APPEAL?

2)WHETHER THIS STATUTE TEX.CIV.PRAC.& REM.CODE.CHAPTER 11.,$11.101(a),(2),$11.103(a),(b)

DECLARING THOMAS AS AN VEXATIOUS LITIGANT IS UNCONSTITUTIONAL AS APPLIED,VIOLATES THOMAS

RIGHTS TO ACCESS TO THE COURTS UNDER THE OPEN COURTS PROVISION,DUE COURSE,DUE PROCESS,

EQUAL PROTECTION OF THE LAW IN THE TEXAS CONSTITUTION,ARTICLES 1,$$$$$$ 3;3a;8;13;17;19;

TEX.Gov't CODE.$$24.007;501.007,UNDER UNITED STATES Constitutions,1st;4th;5th;6th;7th;8t

h;14th Amend[s]?

3)COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS Errored,by upholding an "VOID ORDER",in

Declaring the petitioner to be a vexatious litigant and entered a prefiling ORDER in a

SMALL CLAIMS COURT,inwhich it prohibit petitioner from filing any future litigations,

without the permission of the local administrative judge,cannot place the petitioner und

er an different legislature statute,now prohibited appeals from such an dismissal.?

4)COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS,Errored,by holding petitioner does not

cite to and the court cannot find any pages in the appellate records inwhich the

Petitioner raised his challenge to the constitutionality of chapter 11 in the trial

Court.,Therefore,petitioner has not preserved this issue for appellate review.

See:TEX.R.APP.P.33.1;See:Drum v.Calhoun,299 S.W.3d 360,369-70(Tex.App.-Dallas 2009)

pet.denied)(holding defendant waived challenge to constitutionality of vexatious liti-

gant statutes),this court agreedf with the Austin COURT OF APPEALS,uphold the constitut-

ionality of chapter 11 under the open courts provision,the equal protection clause,and

the rights to due process.See:Leonard v.Abbott,171 S.W.3d 451,456-58(Tex.App.-Austin,

2005,pet.denied).

5)COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS Errored,by concluding that the petitioner did not pursue mandamus relief in the COURT OF APPEALS,regarding his contention the local Administrative judge refuse to rule on his motion,petitioner did not complain below that the local administrative judge refuse to rule,nor did he subsequently request a ruling. The court cannot conclude on the review of the records that the local administrative Judge refuse to rule on the petitioner's motion seeking the permission to file the suit,

Moreover,even if the local administrative judge had denied petitioner's request for permission,petitioner could not seek review of the judge's denial by direct appeal. See:Former CIV.PRAC.& REM.CODE.§11.102(C),(2011)(current version at CIV.PRAC.& REM.CODE. §11.102(f)(West Supp.2014)("A decision of a local administrative judge denying a litigant permission to file a litigation...is not grounds for an appeal,except that the litigant may apply for writ of mandamus with the court of appeals")

6)COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS Errored,by concluding that the trial Court did not abuse its discretion when it dismissed the petitioner's suit. Petitioner also claim that the trial court erred when it dismissed his claims withprejud- ice,that petitioner did not raise this issue in the trial court and thus waived this erro r for Appellate review.See:TEX.R.APP.P. 33.1;Leonard,171 S.W.3d at 461(holding defendant waived argument that his suit sholud not have been dismissed with prejudice when he fail to timely file a postjudgment motion to correct judgment).?

(g)STATEMENTS OF FACTS:The brief must state concisely,and without argument the Facts pertinent to the issues of points presented.In a Civil case,the Court will accept as true the facts stated unless another party contradicts them.
The statement must be supported by records references.

THOMAS challenges TEX.CIV.PRAC.& REM.CODE.Chapter 11 statue on several constitutional grounds,and claims that this statute denies him equal protection,due course Due process of the laws under the Texas constitutions Articles 1,§§§§§§3;3a;8;13;17;19;United States Constitutions 1st;4th;5th;6th;7th;8th;14th Amendments,he also Claims that the statute violates the Articles 1,section 3,"Prohibition against public emoluments,the  section 19,due course,due process guarantee,and the section 13 "OPEN COURTS",Provision.

Articles 1,section 13 provides in part:

ALL Courts shall be open,and every person for an injury done him,in his land,goods,person or reputation,shall have remedy by due course of law.

TEX.CONST.Art.1,§13:THOMAS argues that this guarantee of a remedy by due course of law makes any legislative attempt to bar his cause of action prior to its discovery,is unconstitutional.The numerous decision of the Supreme Court of Texas,construing Article 1,section 13 establish that the constitutional guarantee of a remedy by due course of law is substanial rights,independent of other constitutional provisions.[1]/

---

1)Petitioner's reliance on Sax v.Votteler,648 S.W.2d 661 at 664(Tex.1983);TEX.CIV. PRAC.& REM.CODE.Chapter 11.,§11.101(a),(2),§11.102,§11.103(a),(b);Tex.Gov't CODE. §§24.007;501.007;Tex.Const.Art.1,§§§§§§3;3a;8;13;17;19;USCA Const.1st;4th;5th;6th; 7th;8th;14th Amend[s];[CR-3-164;174-179;180-181;182;183-195;196;197;211-212]

(g)The two due course of law provisions in the Tex.Const.,are not coterminous,separate due process and open courts guarantees were included in the seventh and Eleventh declarations of rights in the first Constitution of Texas as a sovereign republic,these separate rights have been preserved in every constitution since.[2]/

(h)Summary of the argument.The brief must contain a succinct,clear,and accurate statement of the argument made in the body of the brief.This summary must not merely repeat the issue or points presented for review.

THOMAS will show this SUPREME COURT OF TEXAS,the test for an abuse of discretion is not whether,inthe opinion of the reviewing court,the facts present an appropriate case for the trial court's action,but whether the court acted without reference to any guiding rules and principles.The trial court's ruling should be reversed only if it was arbitrary or unreasonable.The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred.Petitioner,proceeding pro-se,challenged orders of the 259th judicial District court of Jones County,Texas,which required him to obtain permission under Tex.Civ.Prac. & REM.CODE.ANN.§11.101(a)from the local administrative judge before filing his suit. Dismissed with prejudice his claims for Lost or damage property.,denial of access to the courts against appellees,the Texas Department of Criminal Justice and prison officials(TDCJ),where the proper procedures for invoking Tex.Civ.Prac.& Rem.CODE.Ch.11, were not followed,a trial court abuse its discretion in issuing an order requiring an Inmate to  obtain permission under Tex.Civ.Prac.& Rem.CODE.ANN.§11.101(a)from the local administrative judge before filing his suit.,dismissing his claims against the Texas Department of Criminal Justice and prison officials for failing to obtain the permission of the local administrative judge.

2)Petitioner's reliance on NELSON v.KRUSEN,678 S.W.2d 918 at 912(Tex.1984);TEX.CONST. (1836);See:also 1 G.Braden.The Constitution of the STATE OF TEXAS,AN ANNOTATED and Compartive Analysis 47(1977);Tex.Const.Art.1,§§§§§§3;8;13;17;19;USCA Const.1st;4th;5th;6th;7th;8th;14th Amend[s];[CR-3-164;174-179;180-181;182;183-195;196;197;211-212]

(i)Argument.The brief must contain a clear and concise argument for the conten

tions made,with appropriate citations to authorities to the record.

1)WHETHER THE COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS ERRORED"IN ITS OPINION

FAIL TO SATISFY REQUIREMENTS TO ADDRESS EVERY ISSUE RAISED AND NECESSARY TO THE

FINAL DISPOSITION OF THE APPEAL?

### ARGUMENT AND AUTHORITY:

Court of Appeals,prior to ordering dismissal,should consider points calling for

redition of judgment,[3]/ Appeal from trial court's rulings that chapter 11 of the

Tex.Civ.Prac.& Rem.CODE.,rules provisions were valid,but that request for declar

atory judgment was not yet ripe,Court of Appeals,upon reversal of ripeness issue

was required to render judgment that challenged rules were either valid or inval

id,parties requesting Court of Appeals suggested that evidence was not fully dev

eloped on issue of validity,and trial court would have no reason to reconsider its

decision that rules were valid.[4]/

---

3)Petitioner's reliance on WEST v.ROBINSON,180 S.W.3d 575 at 576-77(Tex.2005)(requ

iring court of appeals to adress' every issue raised and necessary to final dispos

ition of the appeal);Tex.R.APP.P.47.1;Tex.Const.Art.1,§§§§§§3;3a;8;13;17;19;USCA

Const.1st;4th;5th;6th;7th;8th;14th Amend[s];[CR-3-219]

---

4)Petitioner's reliance on LONE STAR GAS CO.v.RAILROAD COM'N,767 S.W.2d 709 at 710

-711(Tex.1989);WEST v.ROBINSON,180 S.W.3d 575 at 576-77(Tex.2005)(requiring court

of appeals to address' every issue raised and necessary to final disposition of

the appeal");Tex.R.APP.P.47.1;Tex.Const.Art.1,§§§§§§3;3a;8;13;17;19;USCA Const.1st

4th;5th;6th;7th;8th;14th Amend[s];[CR-3-219]

(i)                                    VIII.

2)WHETHER THIS STATUTE TEX.CIV.PRAC.& REM.CODE.CHAPTER 11.,§11.101(a),(2),§11.103

(a),(b),DECLARING THOMAS AS AN VEXATIOUS LITIGANT IS UNCONSTITUTIONAL AS APPLIED,

VIOLATES THOMAS'S RIGHTS TO ACCESS TO THE COURTS UNDER OPEN COURTS PROVISION,DUE

COURSE,DUE PROCESS,EQUAL PROTECTION OF THE LAW IN THE TEXAS CONSTITUTIONS,ARTICLE

1,§§§§§§3;3a;8;13;17;19;TEX.GOV'T CODE.§§24.007;501.007,UNDER UNITED STATES CONST

ITUTIONS,1st;4th;5th;6th;7th;8th;14th Amend[s]?

### ARGUMENT AND AUTHORITY:

Petitioner THOMAS argues,challenged the judgment of the 259TH District Court of
Jones County,Texas,dismissing his suit for damages against appellees,seventeen(17
Prison employees,the finding that the petitioner a vexatious litigant was not pos
ssible under Tex.Civ.Prac.& Rem.CODE.ANN.§11.054,because of the lawsuits listed,
Four of the Five federal proceedings indicated that they were related at least in
Part to petitions for habeas corpus proceedings filed by the petitioner,petitioner
Argues on appeal that a habeas corpus proceeding does not qualify as a "litigation
under the vexatious litigant statute.[5]/ In its September 12,2012,the attorney gene
ral filed a notice to inform the trial court that the trial court had previously
found the petitioner to be a vexatious litigant in another case NO.022100,the stat
ed that the trial court had ordered the petitioner to obtain permission from the
local administrative judge before the petitioner could filed any additionalk pro-se
litigation in state court and that the petitioner had failed to do so prior to fili
ng his petition in this case.As such,the attorney general requested that the court,
Immediately stay the litigation and requested that the court dismiss the suit unless
within (10)Ten days of the notice,petitioner obtained an order from the local Admini
strative judge granting him permission to file suit.

─────────────

5)Petitioner's reliance on Walp v.Williams,330 S.W.3d 404 at 407(Tex.App.-Fort Worth
2010,no pet)(that habeas proceedings are criminal,not civil in nature for purpose of
determining the number of prior civil litigations commenced by a plaintiff with resp
ect to the vexatious litigant statute.)(a trial court must first conduct an evidenti
ary hearing before declaring a party a vexatious litigant);Tex.Civ.Prac.& Rem.CODE.§
11.051;11.054;§11.ool(2);§11.101(a),(2);§11.103(a),(b);§11.053(a);Tex.Const.Art.1,§§
§§§§3;3a;8;13;17;19;USCA Const.1st;4th;5th;6th;7th;14th Amend[s];[CR-3-219]

(i)                                    VIII.

ARGUMENT AND AUTHORITY:

On September 14,2012,the trial court signed an order in which it found that petition er had not obtained permission to file suit from a local administrative judge within Ten(10)days from the date the attorney general filed its notice that petitioner was A vexatious litigant.The court ordered petitioner's case be dismissed with prejudice

On that same day,the court also signed an order staying the proceedings.

On September 30,2012,the court signed an order withdrawing the orders that the court had signed on September 14,and the court signed another order staying all proceeding On October 11,2012,the court again found that the petitioner had not obtained permis sion from a local administrative judge,and it dismissed the petitioner's case with p rejudice.Petitioner,argues,however that the trial court's orders in this matter are Problematic,(1)First the trial court's September 12,2012,in the other case the MARCH 31,2010,orders was not preceded by a motion filed by the (TDCJ)requesting that the trial court determine whether THOMAS was a vexatious litigant and whether security f or court costs was necessary,instead,the trial court implicitly concluded that the Petitioner was a vexatious litigant sua sponte.Several Texas courts have held that a trial court may not conclude that a plaintiff is a vexatious litigant when the defen dant fail to timely a motion under section 11.051 of the civil practice and remedies Code.[6]/

_____

6)Petitioner's reliance on SCOTT v.Tex.Dep't of Crim.Justice–Institutional Div.2008, Tex.App.LEXIS 8941(Tex.App.–Corpus Christi Nov.20,2008)(holding where the proper pro cedures for invoking Tex.Civ.Prac.& Rem.CODE.ch.11,were not followed);Spiller v.Spil ler,21 S.W.3d 451 at 454(Tex.App.–San Antonio 2000,no pet)(holding that a motion fil ed outside the ninety–days period was untimely);In re Marriage of Grossnickle,115 S. W.3d 238 at 252(Tex.App.–Texarkana 2003,no.pet)("[T]he vexatious litigant statute ap plies only when filed within ninety–days after the date on which a defendant files h is or her original answer");Dishner v.Huitt–Zollars,Inc.,162 S.W.3d 370 at 377(Tex. App.–Dallas 2005,no.pet)(Holding that the trial court abused its discrectio in decla ring appellant a vexatious litigant when the motion was filed outside the ninety–day time period);(the courts are not aware of,nor has the TDCJ,cited,any authority allow ing the trial court to circumvent the statutory prerequiste of section 11.051 by concluding that a litigant is vexatious sua sponte);Tex.Civ.Prac.& Rem.CODE.§11.051; §11.054;§11.053(a);§11.101;§11.103(a),(b);Tex.Const.Art.1,§§§§§§3;3a;8;13;17;19;
[CR-3-219];[CR-211-212]                17[PFR]

(i)

## VIII.

### ARGUMENT AND AUTHORITY:

Second,the records does not establish that the trial court conducted a hearing to determine whether THOMAS was truly a vexatious litigant.The September 12,2012 ORDER served to put petitioner on notice that the trial court had concluded that He was a vexatious litigant and that he was not required to provide security for the benefit of the TDCJ,but was ordered to file an prefiling order,obtain permis ssion from the local administrative judge in order to proceed with his suit.[7]/,

However,no hearing was conducted pursuant to Tex.Civ.Prac.& Rem.CODE.§11.053(a). Third,the trial court,in concluding that THOMAS was a vexatious litigant,relied heavily on the 259TH District Court's findings that petitioner was a vexatious litigant in cause number 022100,also,TDCJ,fail to timely file a motion to determ ine whether THOMAS was truly a vexatious litigant,however,the TDCJ has not demon strate that the underlying facts in cause number 022100 are substantially similar or arose out of the same occurrence or transaction as the present matter,in fact,

as he noted in his handwrtten list of previously-filed lawsuit,THOMAS alleged that in cause number 022100,various TDCJ officer,officials had falsely charged him with a disciplinary case and he suffered emotional and physical injury due to the heigh tened security restrictions he faced as a result of the punishment imposed in the

disciplinary proceedings,Maliciously prosecuted him without "Probable cause", Therefore,because the present case and did not involved an inmate's lost or damage Property claim,cause number 022100 do not involve substantially similar facts or oc currence.

---

7)Petitioner's reliance onNabelek v.Johnson,NO.04-03-00269-CV,2005,Tex.App.LEXIS 25 91,at *9-10(Tex.App.-San Antonio Apr.6,2005,pet denied)(mem.op)(Vacating the trial courts vexatious order in an inmate suit and noting that section 11.053(a)requires that a hearing be conducted to determine if a litigant is a vexatious litigant")(however,no heraing was conducted pursuant to);Tex.Civ.Prac.& Rem.CODE.§ 11.053(a);§11.054(C),(2),(A),(B),(3);SCOTT v.Tex.Dep't of Crim.Justice-Institutional Div.2008 Tex.App.LEXI S 8941(Tex.App.Corpus Christi Nov.20,2008);Tex.Gov't CODE.§§24.007;501.007;Tex.Const.Art.1,§§§§§§3;3a;8;13 17;19;USCA Const.1st;4th;5th;6th;7th;8th;14th Amend[s];[CR-174-179;183-195;197;211-212]

## ARGUMENT AND AUTHORITY:

Finally,THOMAS,argues that the court should find that because TDCJ,fail to file a motion triggering analys is under chapter 11 of the civil practice and remedies code,this court do not have a basis for analyzing THOMAS'S previously-filed cases in the seven-years period immediately preceding the motion,in accordance with section,this court should conclude that the trial court erred in its determination of whether THOMAS was a vexatious litigant,as contain in its September 12,2012 order,for failing to comply with.[8]/ Furthermore,as noted above,section 11.055 requires that the trial court order a plaintiff to furnish secur ity for the benefit of the moving defendant after;(1)A hearing on the defendant's motion;and(2)the trial court determines that the plaintiff is a vexatious litigant,See:i.d.§11.055.In the present case,TDCJ,never filed a motion to determine whether THOMAS was a vexatious litigant and,as Texas court's have previously concluded,the trial court did not follow the proper procedures for invoking chapter 11,of the civil practi ce and remedies code,were not follow,Therefore this is a violation of the Tex.Const.Art.1,§§§3;3a;13;17;19 of ["DUE COURSE,DUE PROCESS OF THE LAW"],the trial court abuse its discretion in issuing its September 12, 2012,order,in turn dismissing THOMAS'S claims against the TDCJ,its officer's for failing to obtain permiss ion from the local administrative judge before petitioner filed any additional pro-se litigation in the States court's.,based on the foregoing,the courts should sustain THOMAS issues on appeal.

---

8)Petitioner's reliance on SCOTT v.Tex.Dep't of Crim.Justice-Institutional Div.2008,Tex.App.-LEXIS 8941( Tex.App.-Corpus Christi Nov.20,2008);Nabelek v.Johnson,2005 Tex.App.LEXIS 2591(Tex.App.-San Antonio Apr.6, 2005,pet denied)(mem.op)(Vacating the trial courts vexatious litigant order in an inmate's suit and noting that section 11.053(a)requires a hearing be conducted to determine if a litigant is a vexatious litigant") (however,no hearing was conducted");ALLEN GLENN THOMAS v.TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL Trial Court NO.022100-COURT OF APPEALS-ELEVENTH DISTRICT OF TEXAS,NO.11-12-00121-CV(Tex.App.-EASTLAND,June 12,2014)(no hearing conducted):Tex.Civ.Prac.& Rem.CODE.§11.051;§11.053(a):§11.054(1),(2),(3);§11.055(a): §!!.)%:;§11.056;§11.101(a),(1),(2);§11.102;§11.103(a),(b),(C);§11.104(a),(b);Tex.Const.Art.1,§§§§§3;3a;8; 13;17;19;USCA Const.1st;4th;5th;6th;7th;8th;14th Amend[s];42 U.S.C.§1983;42 U.S.C.ADA.§12131-34 ;[CR-3-219]

3)COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS ERRORED,BY UPHOLDING AN "VOID ORDER",IN DECLARING THE PETITIO

NER TO BE A VEXATIOUS LITIGANT AND ENTERED A PREFILING ORDER IN A SMALL CLAIMS COURT,IN WHICH IT PROHIBIT

PETITIONER FROM FILING ANY FUTURE LITIGATIONS,WITHOUT THE PERMISSION OF THE LOCAL ADMINSIRATIVE JUDGE,AND

CANNOT PLACE THE PETITIONER UNDER AN DIFFERENT LEGISLATURE STATUTE,NOW PROHIBITED APPEALS FROM SUCH AN

DISMISSAL?

Petitioner THOMAS,argues that the trial,Appellate court abuse its discretion,The appellate court reviews

issues concerning Chapter Eleven of the Texas Civil Practice and Remedies CODE under an abuse of discretion

standard,because a court may declare a person a vexatious litigant only after making certain statutorily

prescribed evidentiary findings,the appellate court considers the legal and factual sufficiency of the evid

ence supporting any express or implicit findings of the trial court.But under the abuse of discretion ,

standard the appellate court empolys,the legal and factual sufficiency of the evidence are not independent

grounds of error,but relevant factors for determining whether the trial court abused its discretion,if an

abuse of discretion is shown,the appellate court then considers whether the error is harmless.[9]/

An appellate court reviews the dismissal of an inmate's lawsuit in forma pauperis and a trial court's deter

mination that the inmate is a vexatious litigant under an abuse of discretion standard,Abuse of discretion

is determined by examining whether the trial court acted without reference to any guiding rules and princip

les.[10]/

---

9)Petitioner's reliance on Tuner v.Grant,2011 Tex.App.LEXIS 9250(Tex.App.-Amarillo Nov.22,2011);Devoll v.

State,155 S.W.3d 498 at 502(Tex.App.-San Antonio 2004);Leonard v.Abbott,171 S.W.3d 451 at 459(Tex.App.-

Austin,2005,pet.denied);Zieba v.Martin,928 S.W.2d 782 at 786(Tex.App.-Houston[14th Dist]1996,no writ);

Crawford v.Hope,898 S.W.2d 937 at 940-41(Tex.App.-Amarillo 1995,writ denied)(if an abuse of discretion is

shown,the court then consider whether the error was harmless);Tex.R.APP.P.44.1(a);Tex.Civ.Prac.& Rem.CODE.

§11.051;§11.053(a);§11.054(1),(2),(3);§11.055(a);§11.056;§11.101(a),(1),(2);§11.102;§11.103(a),(b),(C);§11.

104(a),(b);Tex.Const.Art.1,§§§§§§3;3a;8;13;17;19;USCA Const.1st;4th;5th;6th;7th;8th;14th Amend[s];[CR-211-

212]

---

10)Petitioner's reliance on Downer v.Aquamarine operators,Inc.,701 S.W.2d 238 at 241-42(Tex.1985);THOMAS v.

Knight,52 S.W.3d 292 at 294-95(Tex.App.-Corpus Christi 2001,pet.denied);Tex.R.APP.P.44.1(a);Tex.Civ.Prac.&

REM.CODE.§11.051;§11.053(a);§11.054(1),(2),(3);§11.055(a);§11.056;§11.101(a),(1),(2);§11.102;§11.103(a),(b)

(C);§11.104;Tex.Const.Art.1,§§§§§§3;3a;8;13;17;19;USCA Const.1st;4th;5th;6th;7th;8th;14th Amend[s];[CR-174-

179;180-181;182;183-195;196;197;198-210;211-212]

4)COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS,ERRORED,BY HOLDING PETITIONER DOES NOT CITE TO AND THE COURT CANNOT FIND ANY PAGES IN THE APPELLATE RECORDS INWHICH THE PETITIONER RAISED HIS CHALLENGE TO THE CONSTITUTIONALITY OF CHAPTER 11,IN THE TRIAL COURT.,THEREFORE,PETITIONER HAS NOT PRESERVED THIS ISSUE FOR APPELLATE REVIEW ?

Petitioner THOMAS,argues that the appellate court is wrong,has not read these records properly,has abuse its discretion,because A waiver of constitutional rights must be voluntary,knowing,and intelligent,with full awareness of the legal consequences.[11]/ Waivers of constitutional rights not only must be voluntary,but also must be knowing, intelligent acts done with sufficient awareness of the relvant circumstances and like ly consequences.[12]/ The word "adequate",has no comprehensive definition with regard to mandamus and its requirement of no adequate remedy by appeal;the word is simply a proxy for the careful balance of jurisprudential considerations that determine when Appellate courts will use original mandamus proceedings to review the actions of the lower courts.[13]/

---

11)Petitioner's reliance on IN RE PRUDENTIAL INS.,CO.OF AMERICA,148 S,W.3d 124 at 135-36,n24,n25(Tex.2004);Tex.R.APP.P.33.1;Tex.Civ.Prac.& Rem.CODE.§11,judgment was REVERSED,as a vexatious litigant in cause NO.Appellate NO.11-12-00121-CV;Trial court NO.022100:Tex.Const.Art.1,§§§§§3;3a;8;13;17;19;USCA Const.1st;4th;5th;6th;7th;8th;14th Amend[s];[CR-183-195];in his Appellate brief at pages 14-16]

---

12)Petitioner's reliance onIN RE PRUDENTIAL INS.,CO.OF AMERICA,148 S.W.3d 124 at 135-36,n24,25(Tex.2004);Brown v.McLenna County Children's Protective Sers.,627 S.W.2d 390.393(Tex.1982);Brady v.United States,397 U.S.742,748,90 S.C.t.1463,25 L.E.d.2d 747 (1970);Tex.R.APP.P.33.1;Tex.Civ.Prac.& Rem.CODE.§11,judgment was REVERSED,asa vexatious litigant in cause No.Appellate NO.11-12-00121-CV;Trial court NO.022100;Tex.Const.Art.1,§§§ §§§3;3a;8;13;17;19;USCA Const.1st;4th;5th;6th;7th;8th;14th Amend[s];[CR-183-195]

---

13)Petitioner's reliance on IN RE PRUDENTIAL INS.CO.OF AMERCIA,148 S.W.3d 124 at 135-36 (Tex.2004);DALLAS MORNING NEWS v.FIFTH COURT OF APPEALS,842 S.W.2d 655 at 658(Tex.1992); Walker v.Packer,827 S.W.2d 833 at 840(Tex.1992);Tex.R.APP.P.52.7;Tex.APP.P.33.1;Tex. Civ.Prac.& Rem.CODE.§11,judgment was REVERSED,as a vexatious litigant See:I.d

5)COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS ERRORED,BY CONCLUDING THAT THE PETITIONER DID NOT PURSUE MANDAMUS RELIEF IN THE COURT OF APPEALS,REGARDING HIS CONTENTION THE LOCAL ADMINISTRATIVE JUDGE REF USE TO RULE,NOR DID HE SUBSEQUENTLY REQUEST A RULING THE COURT CANN OT CONCLUDE ON THE REVIEW OF THE RECORDS THAT THE LOCAL ADMINISTRAT IVE JUDGE REFUSE TO RULE ON THE PETITIONER'S MOTION SEEKING THE PER MISSION TO FILE THE SUIT,MOREOVER,EVEN IF THE LOCAL ADMINISTRATIVE JUDGE HAD DENIED PETITIONER'S REQUEST FOR PERMISSION,PETITIONER COU LD NOT SEEK REVIEW OF THE JUDGE'S DENIAL BY DIRECT APPEAL.SEE:FORMER CIV.PRAC.& REM.CODE.§11.102(C),(2011)(CURRENT VERSION AT CIV.PRAC.& REM.CODE.§11.102(f)(WEST SUPP.2014)(A decision of a local administrative judge denying a litigant permission to file a litigation...is not grounds for an appeal,except that the litigant may apply for writ of mandamus with the court of appeals")?

Petitioner argues,that the records shows that the petitioner filed a Motion,noti ce to the court,asking for permission to the local administrative judge to conti nue to file his litigation under chapter 11.102,anmandamus to the COURT OF APPEA LS Eleventh District of Texas,on September 20,2012,the judge refuse to make any Finding and conclusion of facts,the COURT OF APPEALS,acknowledges it in its opin ion.The appellate reviews issues concerning Chapter Eleventh of the Texas Civil Practice and Remedies Code under an abuse of discretion standard.Because a court may declare a person a vexatious litigant only after making certain statutorily prescribed evidentiary finds,the appellate court considers the legal and factual sufficiency of the evidence supporting any express or implicit findings of the trial court.But under the abuse of discretion standard the appellate court emplo ys,the legal and factual sufficiency of the evidence are not independent grounds of error,but relevant factors for determining whether the trial court abuse its discretion.If an abuse of discretion is shown,the appellate court then considers whether the error is harmless.[14]/

---

14)Petitioner's reliance on Tuner v.Grant,2011 Tex.App.LEXIS 9250(Tex.App.-Amari llo,Nov.22,2011);Devoll v.State,155 S.W.3d 498 at 502(Tex.App.-San Antonio 2004) Leonard v.Abbott,171 S.W.3d 451 at 459(Tex.App.-Austin,2005,pet.denied);Zieba v. Martin,928 S.W.2d 782 at 786(Tex.App.-Houston[14th Dist]1996,no.writ);Crawford v Hope,898 S.W.2d 937 at 940-41(Tex.App.-Amarillo 1995,writ denied);Tex.R.APP.P.44 .1(a);Tex.Civ.Prac.& Rem.Code§11.051;§11.101;§11.053(a);[CR-183-195;211-212]

6)COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS ERRORED BY CONCLUDING THAT THE TRIAL COURT DID NOT ABUSE ITS DISCRETION WHEN IT DISMISSED THE PETITIONER'S SUIT. PETITIONER ALSO CLAIM THAT THE TRIAL COURT ERRED WHEN IT DISMISSED HIS CLAIMS WITH PREJUDICE,THAT PETITIONER DID NOT RAISE THIS ISSUE IN THE TRIAL COURT AND THUS WAIVED THIS ERROR FOR APPELLATE REVIEW.SEE:TEX.R.APP.P.33.1;LEONARD,171 S.W.3d AT 461 (holding defendant waived argument that his suit should not have been dismissed with prejudice when he fail to timely a postjudgment motion to correct judgment)?

Petitioner argues that the statutes were very clear,because TDCJ,its employee's did not file a motion under§11.051,the court did not hold a hearing on this motion,they are not entitle to a dismissal with prejudice under Tex.Civ.Prac.& Rem CODE.§11.051 §11.053(a),§11.054(1),(2),(3),§11.101,§11.102,§11.103,§11.104,A clear failure by the Trial Court to analyze or apply the law correctly is an "abuse of discretion".[15]/ The statute requires the court to dismiss as to a moving defendant,moving defendant means a defendant who moves for an order,under Tex.Civ.Prac.& Rem.CODE.§11.051,to determining that a plaintiff is a vexatious litigant and requesting security.[16]/ Dismissal of a suit with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided,therefore,orders dismissing a case with prejudice have full res judicata and collateral estoppel effect,barring the subsequent relitigation of the same cause of action or issues between the same parties.[17]/

---

15)Petitioner's reliance on Walker v.Packer,827 S.W.2d 833 at 840(Tex.1992);Yarbrough 898 S.W.2d 251 at 253(Tex.1995);Tex.Gov't CODE.§§24.007;501.007;Tex.Civ.Prac.& Rem. CODE.§11.051;§11.053(a);11.054(1),(2),(3),§11.101(a),(2);§11.102(a),(b);§11.103,§11. 104;Tex.Const.Art.1,§§§§§§3;3a;8;13;17;19;USCA Const.1st;4th;5th;6th;7th;8th;14th Amend[s];[CR-183-195;211-212]

---

16)Petitioner reliance on Retzlaff v.GOAMERICA COMMUNS Corp.356 S.W.3d 689 at 702, 2011 Tex.App.-LEXIS 8020(Tex App.ElPaso 2011);Tex.Gov't CODE.§§24.007;501.007;Tex.Civ Prac.& Rem.CODE.§11.051(a);§11.053(a);11.054(1),(2),(3),§11.056;§11.101(a),(2);§11. 102(a),(b);§11.103;§11.104;Tex.Const.Art.1,§§§§§§3;3a;8;13;17;19;USCA Const.1st;4th;5 th;6th;7th;8th;14th Amend[s];[CR-183-195;211-212]

---

17)Petitioner's reliance on THOMAS v.KNIGHT,52 S.W.3d 292 at 295(Tex.App.-Corpus Christi 2001);THOMAS v.SKINNER,54 S.W.3d 845 at 846-47(Tex.App.-Corpus Christi 2001);Barr v.Resolution Trust Corp.,837 S.W.2d 627 at 630-31(Tex.1992);Tex.Gov't CODE.§§24.007; 501.007;Tex.Civ.Prac.& Rem.CODE.§11.051(a);§11.053(a);§11.054(1),(2),(3),§11.056;§11. 101(a),(2);§11.102(a),(b);§11.103;§11.104;Tex.Const.Art.1,§§§§§§3;3a;8;13;17;19; [CR-183-195;211-212]                    23[PFR]

(j)                    PRAYER AND CONCLUSION:

The brief must contain a short conclusion that clearly states the nature of the

relief sought:

WHEREFORE,PREMISS,CONSIDERED,Plaintiff ALLEN GLENN THOMAS,TDCJ-CID#633145,respectfully

Prays that this SUPREME COURT OF TEXAS,"Grants his brief for PETITION FOR REVIEW,rever

se the judgment of the ELEVENTH COURT OF APPEALS,THE TRIAL COURT 259TH JUDICIAL DIST.OF

JONES County,Texas,that AFFIRMED under Tex.Civ.Prac.& Rem.CODE.Chapter 11,§11.101(a),(2

Because this judgment is "VOID",in violation of the statute,the constitution,that the

Petitioner was not ever declared a vexatious litigant.See:ALLEN GLENN THOMAS v.Texas

Department of Criminal Justice-Institutional Division et.al.,Style:RE Appellate case

number 11-12-00121-CV;Trial Court case NO.022100;SUPREME COURT RE:CASE NO.14-0515,

*Memorandum opinion by Wright,C.J.,(Panel consists of:Wright,C.J.,Willson,J.,and Bailey

J.);Tex.Const.Art.1,§§§§§§3;3aa8;13;17;19;USCA Const.1st;4th;5th;6th;7th;8th;14th AMEND

MENTS,Grant all relief,motions filed,the petition for temporary restraining order and

A tranfer,perpetual/permanent injuction,any other futher relief as this court deems

just,and proper.


SIGNED ON THIS THE____16th____day of____January_____2018

                                      Respectfully Submitted,

                                  /s/ _Allen Glenn Thomas_

                                      ALLEN GLENN THOMAS,Pro-Se

                                      TDCJ-CID#633145

                                        French M.Robertson Unit

                                        12071 FM 3522

                                        Abilene,Texas 79601-8799

                                        Phone NO(325)548-9035


                                24[PFR]

(K)                    APPENDIX IN CIVIL CASE:

1)Necessary contents.Unless voluminous or impracticable the appendix must contain a copy of:

(A)The trial court's judgment or other appealable order from relief is sought;

(B)The jury charge and verdict,if any,or the trial court's findings of facts and Conclusions of law,if any;and

(C)The text of any rule,regulation,ordinance,statute constitutional provisions,or other law(excluding case law)on which the argument is based,and the text of any contract or other documents that is centrial to the argument;

(2)OPTIONAL CONTENTS:The appendix may contain any other items pertinent to the issue or points presented for review,including copies or excerpts of relevant court opinion laws documents on which the suit was based,pleading,excerpts from the reporter's records,and similar material.Items should not be included in the appendix to attempt to avoid the page limits for the brief.

(A)Copy of Docket sheet from trial court,CAPTION from the 259th District Court of Jones County,Texas;

(B)COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS OPINION,dated OCTOBER 9,2014

(C) Copy of calendar of 2009,2010,for ninety-days period to file motion,hearing

(D)Copy of COURT OF APPEALS ELEVENTH DISTRICT OF TEXAS OPINION,in cause NO.11-12-00121-CV,the supreme already have copy attached to my notice of appeal,mandate from that court.

(E)Copyies of filing of mandamus petitions in trial court NO.022853,supreme court No.11-0033;NO.11-0335

(F)Copy of Tex.Civ.Prac.& Rem.CODE.Chapter 11,statute

022853

ALLEN GLENN THOMAS #633145

VS.

TDCJ, ET AL

COURT OF APPEALS NO. 11-12-00312-CV

## VOLUME I

CAPTION .............................................................................................. 1

DOCKET SHEET .................................................................................. 2

PLAINTIFF'S ORIGINAL PETITION
FILED 08/31/2012 ............................................................................. 3-164

MOTION AFFIDAVIT RELATING TO PREVIOUS
LAW SUITS FILED
FILED 08/31/2012 ......................................................................... 165-170

APPLICATION TO PROCEED IN FORMA PAUPERIS
FILED 08/31/2012 ......................................................................... 171-173

NOTICE TO THE COURT THAT PLAINTIFF
IS A VEXATIOUS LITIGANT
FILED 09/12/2012 ......................................................................... 174-179

ORDER DISMISSING CASE WITH PREJUDICE
FILED 09/14/2012 ......................................................................... 180-181

ORDER FOR STAY OF PROCEEDINGS
FILED 09/14/2012 ................................................................................ 182

NOTICE TO THE COURT PERMISSION TO
LOCAL ADMINISTRATIVE JUDGE TO CONTINUE
TO FILE HIS LITIGATION UNDER CH. 11.102
FILED 09/27/2012 ......................................................................... 183-195

ORDER FOR STAY OF PROCEEDINGS
FILED 10/01/2012 ................................................................................ 196

ORDER TO WITHDRAW
FILED 10/01/2012 ................................................................................. 197

NOTICE OF APPEAL AND AFFIDAVIT
OF INDIGENCE
FILED 10/11/2012................................................................... 198-210

ORDER DISMISSING WITH PREJUDICE
FILED 10/11/2012................................................................... 211-212

MOTION FOR APPELLATE RECORDS,
CLERK'S RECORDS PURSUANT TO RULES
OF APPELLATE PROCEDURE
FILED 10/23/2012 .................................................................. 213-215

MOTION PURSUANT TO RULES OF
APPELLATE PROCEDURE RULE 26.1, A REQUEST
FOR FINDINGS OF FACTS AND CONCLUSION
OF LAW FOR FRIVOLOUS, VEXATIOUS LITIGANT
FILED 10/23/2012 .................................................................. 216-217

ORDER DENYING REQUEST FOR FINDINGS
OF FACTS AND CONCLUSIONS OF LAW
FILED 10/30/2012................................................................. 218

CLERK'S CERTIFICATE ............................................................ 219

CAPTION

STATE OF TEXAS                          §

COUNTY OF JONES                         §

THE 259TH DISTRICT COURT OF JONES COUNTY, TEXAS, THE HONORABLE BROOKS HAGLER, JUDGE PRESIDING, THE FOLLOWING PROCEEDINGS WERE HELD AND THE FOLLOWING INSTRUMENTS AND OTHER PAPERS WERE FILED IN THIS CAUSE, TO WIT:

COURT CAUSE NO. 022853

Allen Glenn Thomas # 633145

VS.

TDCJ, et al

2

| No. of Case | NAME OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding |
|---|---|---|---|
| 022853 | Allen Glenn Thomas | | |
| **Fee Book** | | Pltf. | Damages |
| Vol. 65 Page 240 | vs. Texas Department of Criminal Justice of Officers et al. | Deft. | (no motor |

| Date of Orders | | | ORDERS OF COURT | MINUTE BOOK | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| Sept | 14 | 2012 | Dismissed With Prejudice (S) Brooks Hagler | | |



**JIM R. WRIGHT**
CHIEF JUSTICE

**MIKE WILLSON**
JUSTICE

**JOHN M. BAILEY**
JUSTICE

# Court of Appeals
## Eleventh District of Texas
100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

**SHERRY WILLIAMSON**
CLERK

**TELE: 254/629-2638**
**FAX: 254/629-2191**
sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

October 9, 2014

Allen Glenn Thomas
TDCJ #00633145
French M. Robertson Unit
12071 FM 3522
Abilene, TX 79601

Christin A. Cobe, Assistant
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, TX 78711
* DELIVERED VIA E-MAIL *

**RE:** Appellate Case Number: 11-12-00312-CV
Trial Court Case Number: 022853
**Style:** Allen Glenn Thomas
v. Texas Department of Criminal Justice Officer Marcus A. Adams et al.

The Court has this day **AFFIRMED** the judgment of the trial court in the above cause.

Copies of the Court's opinion and judgment are attached.

Respectfully yours,

Sherry Williamson

Sherry Williamson, Clerk

cc: Dean Rucker, Administrative Judge (DELIVERED VIA E-MAIL)
District Clerk - Jones County (DELIVERED VIA E-MAIL)
Brooks Hagler, Judge (DELIVERED VIA E-MAIL)



# 11TH COURT OF APPEALS
## EASTLAND, TEXAS
### JUDGMENT

Allen Glenn Thomas,

\* From the 259th District
Court of Jones County,
Trial Court No. 022853.

Vs. No. 11-12-00312-CV

\* October 9, 2014

Texas Department of Criminal
Justice Officer Marcus A. Adams et al.,

\* Memorandum Opinion by Wright, C.J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.



In The

# Eleventh Court of Appeals

No. 11-12-00312-CV

ALLEN GLENN THOMAS, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
OFFICER MARCUS A. ADAMS ET AL., Appellees

On Appeal from the 259th District Court

Jones County, Texas

Trial Court Cause No. 022853

## MEMORANDUM OPINION

Appellant, Allen Glenn Thomas, is currently incarcerated at the French M. Robertson Unit of the Institutional Division of the Texas Department of Criminal Justice, which is located in Jones County. Appearing pro se, he challenges the trial court's order dismissing his suit. We affirm.

On August 31, 2012, Appellant filed the underlying action against seventeen defendants, all of whom were officers or officials employed by the Texas Department of Criminal Justice (TDCJ) at the French M. Robertson Unit.

Appellant alleged claims of inverse condemnation and conversion under Texas law and alleged that, while he was an inmate, his property was lost or damaged as those claims are provided for under federal law. He also alleged that he was physically injured during a "shakedown" because he was forced to carry all of his belongings to another location even though he was under a medical "no lifting restriction."

On behalf of the seventeen defendants, the attorney general filed a notice on September 12, 2012, to inform the trial court that the trial court had previously found Appellant to be a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (West Supp. 2014). The attorney general stated that the trial court had ordered Appellant to obtain permission from the local administrative judge before Appellant filed any additional pro se litigation in state court and that Appellant had failed to do so prior to filing his petition in this case. *See* former CIV. PRAC. & REM. § 11.101 (2011) (current version at CIV. PRAC. & REM. § 11.101 (West Supp. 2014)). As such, the attorney general requested that the court immediately stay the litigation and requested that the court dismiss the suit unless, within ten days of the notice, Appellant obtained an order from the local administrative judge granting him permission to file suit. *See* former CIV. PRAC. & REM. § 11.103(b) (1997) (current version at CIV. PRAC. & REM. § 11.1035 (West Supp. 2014)).

On September 14, 2012, the trial court signed an order in which it found that Appellant had not obtained permission to file suit from a local administrative judge within ten days from the date the attorney general filed its notice that Appellant was a vexatious litigant. The court ordered Appellant's case to be dismissed with prejudice. On that same day, the court also signed an order staying the proceedings. On September 30, 2012, the court signed an order withdrawing the orders that the court had signed on September 14, and the court signed another order staying all proceedings. On October 11, 2012, the court again found that

2

Appellant had not obtained permission from a local administrative judge, and it dismissed Appellant's case with prejudice.

On appeal, Appellant presents eight issues for our review. In his first issue, he asserts that Chapter 11 of the Texas Civil Practice and Remedies Code is unconstitutional as applied because it violates his right to access the courts, to due process, to due course of law, and to equal protection under the Texas and United States Constitutions. Appellant contends in his second issue that the court order in which the trial court required Appellant to pay $7,500 in security was an arbitrary condition that prevented him access to the courts. He argues in his third issue that the trial court erred when it declared Appellant to be a vexatious litigant and dismissed Appellant's property claims. In his fourth, fifth, sixth, and seventh issues, Appellant raises the questions of whether he stated claims of inverse condemnation, malicious prosecution, a due process violation regarding his liberty interest in his expectancy to an early release from prison based on the accumulation of his good-time credits in prison disciplinary cases, and an Eighth Amendment violation for deliberate indifference to his serious medical needs restrictions. Appellant argues in his eighth and final issue that Appellees waived their "immunity defense under vested property rights and administrative authority in violation of [the] Texas Tort Claims Act" when prison officials kept him classified as a "class line III" inmate so that he could not accrue good conduct time.

We will first address Appellant's challenge to the constitutionality of Chapter 11 of the Texas Civil Practice and Remedies Code. Under Chapter 11, a trial court may place limitations on the litigation activities of a person determined by the court to be a "vexatious litigant." *See* CIV. PRAC. & REM. § 11.054, § 11.055 (West 2002), § 11.101. Appellant argues that the statutes improperly deny him equal protection, due process, a remedy by due course of law, and access

3

to the courts. The Austin Court of Appeals has upheld the constitutionality of Chapter 11 under the open courts provision, the equal protection clause, and the right to due process. *Leonard v. Abbott*, 171 S.W.3d 451, 456–58 (Tex. App.—Austin 2005, pet. denied). We agree with the Austin court's analysis and holding. However, Appellant does not cite to, and we cannot find, any page in the appellate record in which Appellant raised his challenge to the constitutionality of Chapter 11 in the trial court. Therefore, Appellant has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1; *see, e.g., Drum v. Calhoun*, 299 S.W.3d 360, 369–70 (Tex. App.—Dallas 2009, pet. denied) (holding defendant waived challenge to constitutionality of vexatious litigant statutes). Appellant's first issue is overruled.

In his second issue, Appellant challenges the trial court's entry of the vexatious litigant order requiring him to furnish security in the amount of $7,500. We can find no such order in this case in which the trial court ordered Appellant to furnish security. Appellant's second issue is without merit and is overruled.

Appellant argues in his third issue that the trial court abused its discretion when it dismissed his property claims and declared him to be a vexatious litigant. We note that the trial court did not declare Appellant to be a vexatious litigant in this case. The court had previously declared Appellant to be a vexatious litigant and had entered a prefiling order in which it prohibited Appellant from filing future litigation without the permission of the local administrative judge. *See* former CIV. PRAC. & REM. § 11.101(a). Appellant failed to comply with the trial court's prefiling order, and as a result, the trial court dismissed Appellant's case.[1] Former Section 11.103 required the trial court to stay Appellant's litigation when it was notified by Appellees that Appellant was subject to a prefiling order under

---

[1]We note that the legislature has now prohibited appeals from such dismissals. *See* CIV. PRAC. & REM. § 11.1035(c) (West Supp. 2014) ("An order dismissing litigation that was mistakenly filed by a clerk may not be appealed.").

4

Section 11.101. *Id.* § 11.103(b). The statute further provided that the trial court "shall dismiss the litigation unless the plaintiff, not later than the 10th day after the date the notice is filed, obtains an order from the local administrative judge under Section 11.102 permitting the filing of the litigation." *Id.*

After reviewing the record, we have not found, nor does Appellant argue that he secured, a letter from the local administrative judge granting Appellant permission to file his suit against the prison officials. Appellant claims that he filed a motion on September 20, 2012, in which he sought permission from the local administrative judge. Appellant further claims that the clerk withheld the filing of his motion until September 27, 2012, and that the local administrative judge refused to rule on his motion. Appellant also contends that the local administrative judge is the same judge that was presiding over his case and ultimately dismissed his case. In addition, Appellant contends that he did not get notice that the trial court withdrew its original orders staying the case and dismissing the case. However, Appellant does not explain how this lack of notice affected his ability to secure permission to file his case from the local administrative judge.

Appellant's contention that the local administrative judge in Jones County is the same judge that was presiding over his case is correct. *See* TEX. GOV'T CODE ANN. § 74.091 (West 2013) ("In a county with only one district judge, [such as Jones County,] the district judge serves as the local administrative district judge."). And, while Appellant claimed that he already knew that he could not obtain permission from the local administrative judge because the local judge was the same judge who "conspired with TDCJ," he did not seek recusal of the local administrative judge, nor did he request review of his motion by a different administrative judge. Based on the structure of his motion and the fact that Appellant claimed he could not obtain the permission necessary to file his suit, it

5

appears that Appellant was actually requesting mandamus relief from this court regarding permission to file his suit instead of seeking permission from the administrative judge. Thus, it does not appear from the record that Appellant actually sought permission from the local administrative judge. We note that Appellant did not pursue mandamus relief in this court regarding his contention that the local administrative judge refused to rule on his motion. Furthermore, Appellant did not complain below that the local administrative judge refused to rule, nor did he subsequently request a ruling. We cannot conclude from our review of the record that the local administrative judge refused to rule on Appellant's motion seeking permission to file suit, if in fact the motion sought such permission from the local judge. Moreover, even if the local administrative judge had denied Appellant's request for permission, Appellant could not seek review of the judge's denial by direct appeal. *See* former CIV. PRAC. & REM. § 11.102(c) (2011) (current version at CIV. PRAC. & REM. § 11.102(f) (West Supp. 2014)) ("A decision of a local administrative judge denying a litigant permission to file a litigation . . . is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals.").

We can, however, conclude from the record that Appellant did not obtain permission from the local administrative judge to file his suit as required under the vexatious litigant statutes. Therefore, because Appellant failed to obtain permission as required, the trial court did not abuse its discretion when it dismissed Appellant's suit. Appellant also claims that the trial court erred when it dismissed his claims with prejudice. However, Appellant did not raise this issue in the trial court and, thus, has waived error for appellate review. *See* TEX. R. APP. P. 33.1; *Leonard*, 171 S.W.3d at 461 (holding defendant waived argument that his suit should not have been dismissed with prejudice when he failed to timely file a

postjudgment motion to correct the judgment).   We overrule Appellant's third issue.

Because we have held that the trial court did not err when it dismissed Appellant's case for Appellant's failure to comply with the prefiling order, we need not consider Appellant's remaining issues as to whether he stated various claims or whether the prison officials waived governmental immunity. *See* TEX. R. APP.P. 47.1.

We affirm the judgment of the trial court.

JIM R. WRIGHT
CHIEF JUSTICE

October 9, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

December 12, 2014

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

District Clerk - Jones County
Lacey Hansen
P. O. Box 308
Anson, TX 79501
* DELIVERED VIA E-MAIL *

**RE:** Appellate Case Number: 11-12-00121-CV
Trial Court Case Number: 22100
**Style:** Allen Glenn Thomas
v. Texas Department of Criminal Justice-Institutional Division et al.

Please be advised that we have this day issued MANDATE in the above cause and emailed it to the Clerk of the trial court pursuant to TEX. R. APP. P. 18. This Mandate directs the trial court to take action regarding this case consistent with our Court's opinion. Please refer to TEX. R. APP. P. 51.1 concerning the enforcement of the judgment. We are attaching copies of the Mandate and Bill of Costs for your information.

In addition, as required by Texas Government Code § 51.204(d), we are notifying the trial court clerk that we will destroy all records filed in respect to this case with the exception of indexes, original opinions, minutes and general court dockets no earlier than six (6) years from the date final mandate is issued.

Respectfully yours,

Sherry Williamson, Clerk

By: Myrna McGough, Deputy

cc: Christin A. Cobe, Assistant (DELIVERED VIA E-MAIL)
Allen Glenn Thomas

## 11th Court of Appeals Mandate

THE STATE OF TEXAS

TO THE 259TH DISTRICT COURT OF JONES COUNTY, GREETINGS:

BEFORE our Court of Appeals for the Eleventh District of Texas, on June 12, 2014, the cause upon appeal to revise or reverse your judgment between

Allen Glenn Thomas

11th Court of Appeals No. 11-12-00121-CV and
259th District Court Case No. 22100

Texas Department of Criminal Justice-Institutional Division et al.

was determined; and therein our said Court made its order in these words:

*"This court has inspected the record in this cause and concludes that there is error in the judgment below. Therefore, in accordance with this court's opinion, we reverse the trial court's order of March 31, 2010, that declared Allen Glenn Thomas to be a vexatious litigant. We affirm the trial court's April 9, 2012 final judgment dismissing Allen Glenn Thomas's claims. "*

**WHEREFORE WE COMMAND YOU** To observe the order of our said Court of

Appeals for the Eleventh District of Texas, in this behalf, and in all things to have it duly

recognized, obeyed and executed.



WITNESS, the HON. JIM R. WRIGHT, Chief Justice of our said Court, with the seal thereof annexed at the City of Eastland, on December 12, 2014.

SHERRY WILLIAMSON, CLERK

By: Myrna McGough, Deputy

CHAPTER 11.VEXATIOUS LITIGANTS

SUBCHAPTER A GENERAL PROVISIONS:

Section

11.001.Definitions.

[Sections 11.002 to 11.050 reserved for expansion].

SUBCHAPTER B.VEXATIOUS LITIGANTS

11.051.Motion for order Determining Plaintiff a Vexatious Litigant and Requesting Security.

11.052.Stay of Proceedings on Filing of motion.

11.053.Hearing

11.054.Criteria for Finding Plaintiff a Vexatious Litigant

11.055.Security.

11.056.Dismissal for failure to Furnish Security.

11.057.Dismissial on the merits.

[Section 11.058 to 11.100 reserved for expansion]

SUBCHAPTER C.PROHIBITING FILING OF NEW LITIGATION.

11.101.Prefiling order;contempt.

11.102.Permission by Local Administrative Judge.

11.103.Duties of Clerk;Mistaken Filing.

11.104.Notice to office of Court Administration;Dissemination of List.

Chapter 11.Vexatious Litigants consisting of§§11.001 to 11.104 was added by Acts 1997,75th Leg.,Ch.806.§1

Another Chapter 11,Liability Related to Fraudulent Court Records or a Fraudulent Lien of Claim Filed Against Real or Personal Prop erty,consisting of§§11.001 to 11.007,as added by Acts 1997,75th L eg.Ch.189,§16.was renumber as Chapter 12 consisting of§§12.001 to 12.007 by Acts 1999,76th Leg.,Ch.62,§19.01(3).

e.g.,"APPENDIX D"

## SUBCHAPTER A.GENERAL PROVISIONS:

§11.001.Definitions.

In this Chapter;

(1)"Defendant"means a person or governmental entity against whom A plaintiff commences or Maintains or seeks to commence or maintain a litigation.

(2)"Litigation"means a civil Action commenced,maintained,or pending in any State or federal Court.

(3)"Local administrative judge"means a local administrative district judge or a local administrative statutory county court judge.

(4)"Moving defendant"means a defendant who moves for an order under section 11.051 determining that a plaintiff is a vexatious litigant and requesting security.

(5)"Plaintiff"means an individual who commences or maintains a litigation.

Added by Acts 1997,75th Leg.Ch.806,§§1,eff.Sept.1,1997.

## SUBCHAPTER B.VEXATIOUS LITIGANTS

§11.051. Motion for order Determining Plaintiff a vexatious Litigant and Requesting security.

In a litigation in this State,the defendant may,on or before the 90th day after the date the defendant files the original answer or Makes a special appearance,move the court for an order;

(1)determining that the plaintiff is a vexatious litigant;and

(2)requiring the plaintiff to furnish security.

§11.052. Stay of Proceedings on Filing of Motion.

(a)On the filing of a motion under section 11.051,the litigation is stayed and the moving defendant is not required to plead;

(1)if the motion is denied,before the 10th day after the date it is denied;or

e.g.,"APPENDIX D"

15.

§11.052.

(2)if the motion is granted,before the 10th day after the date the moving defendant receives written notice that the Plaintiff has furnished the required security.

(b)On the filing of a motion under section 11.051 on or after the date the trials starts,the litigation is stayed for a period the court determines.

§11.053.Hearing.

(a)On receipt of a motion under section 11.051,the Court shall, After notice to all parties,conduct a hearing to determine whether to grant the motion.

(b)The court may consider any evidence material to the ground of the motion,including;

(1)Written or oral evidence;and

(2)evidence presented by witnesses or by affidavit.

§11.054. Criteria for Finding Plaintiff a vexatious Litigant A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the Plaintiff will prevail in the litigation against the defendant and that;

(1)the plaintiff,in the seven-year period immediately preceding the date the defendant makes the motion under section 11.051,has commenceed,prosecuted,or maintained in propria persona at least five litigations other than 'in a small claims court that have been;

(A)Finally determined adversely to the plaintiff;

(B)Permitted to remain pending at least two years without having been brought to trial or hearing;or

(C)determined by a trial or Appellate Court to be frivolous or groundless under State or federal law or rules of procedure;

e.g.,"APPENDIX D"

16.

§11.054

(2)After a litigation has been finally determined against the Pl aintiff,the plaintiff repeatedly relitigates or attempts to relit igate,inpropria persona,eibher;

(A)the validity of the determination against the same defendant as to whom the litigattion was finally determined;or

(B)the cause of action,Claim,controversy,or any of the issues of fact or law determined or concluded by the final determination ag ainst the same defendant as to whom the litigation was finally de termined;or

(3)the plaintiff has previously been declared to be a vexatious litigant by a State or federal Court in an action or proceeding b ased on the same or substantially similar facts,transitions,or oc curence.

§11.055.Security.

(a)A Court shall order the plaintiff to furnish security for the benefit of the moving defendant if the coutt,after hearing the ev idence on the motion,determines that the Plaintiff is a vexatious litigant,

(b)The Court in its discretion shall determine the date by which the security must be furnished.

(C)The Court shall provide that the security is an undertaking by the plaintiff to assure payment to the moving defendant of the mo ving defendant's reasonable expenses in curred in or inconnection with a litigation commenced,caused to be commenced,maintained or caused to be maintained by the plaintiff,including costs and atto rney's fees.

e.g.,"APPENDIX D"

17.

§11.056.Dismissal for Failure to Furnish security.

The court shall dismiss a litigation as to a moving defendant if A plaintiff ordered to furnish security does not furnish the security within the time set by the order.

§11.057.Dismissal on the Merits.

If the litigation is dismissed on its merits,the moving defendant has recouse to the security furnished by the Plaintiff in an amount determined by the court.

[Section 11.058 to 11.100 reserved for expansion]

SUBCHAPTER C.PROHIBITING FILING OF NEW LITIGATION.

§11.101.Prefiling order;contempt.

(a)A Court may,on its own motion or the motion of any party,enter an order prohibiting a person from filing,inpropria persona,a New litigation in a court in this State if the court finds,after Notice and hearing as provided by subchapter B'that;

(1)the person is a vexatious litigant;and

(2)the local administrative judge of the court inwhich the person intends to file the litigation has not granted permission to the person under section 11.102 to file the litigation.

(b)A person who disobeys an order under subsection(a)is subject to contempt of court.

§11.102.Permission by Local Administrative Judge.

(a)A local administrative judge may grant permission to a person found to be a vexatious litigant under section 11.101 to file a litigation only if it appears to the judge that the litigation;

(1)has merit;and

(2)has not been filed for the purpose of harassment or delay.

(b)The local administrative judge may condition permission on the

e.g.,"APPENDIX D"

18.

§11.102

furnishing of security for benefit of the defendant as provided in Subchapter B!

§11.103. Duties of Clerk;Mistaken filing

(a)A Clerk of a court may not file a litigation presented by a Vexatious litigant subject to a prefiling order under section 11. 101 unless the litigant obtain an order from the local administra tive judge permitting the filing.

(b)If the clerk mistakenly files a litigation without an order from the local administrative judge,any party may file with the c lerk and serve on the plaintiff and the other parties to the suit a notice stating that the plaintiff is a vexatious litigant subje ct to a prefiling order under section 11.101.on the filing of the notice,the court shall immediately ~stay the litigation and shall dismi ss the litigation unless the Plaintiff,not later that the 10th day After the date the notice is filed,obtains an order from the local administrative judge under section 11.102 permitting the filing of the litigation.

(C)If the local administrative judge issues an order permitting t he Filing of the litigation under subsection(b),the litigation re mains stayed and the defendant need not plead until the 10th day After the date the defendant is served with a copy of the order.

§11.104.Notice to office of Court Administration of List.

(a)A Clerk of court shall provide the office of Court Administr ation of the Texas Judicial system a copy of any prefiling order issued under section 11.101.

(b)The office of Court Administration of the Texas Judicial syst em shall maintain a list of vexatious litigants subject to pre fi ling orders under section 11.101 and shall annually send the list to the clerks of the Courts of this State.
e.g.,"APPENDIX D"

19.

(K)                    APPENDIX  IN CIVIL CASES:

                TEXAS CONSTITUTIONS BILL OF RIGHTS ARTICLES 1:

1,§3 EQUAL RIGHTS:

Sec.3.All free men,when they from a social compact,have equal rights,and no man,or

set of men,is entitle to exclusive separate emoluments,or privieges,but in consider-

ation of public services.

§3a.EQUALITY UNDER THE LAW:

Sec.3a.Equality under the law shall not be denied or abriged because of sex,race,color,

creed,or national origin.This amendment is self-operative.

§8    FREEDOM OF SPEECH AND PRESS,LIBEL:

§8.Freedom of speech and press,libel every person shall be at liberty to speak write or

publish his opinions on any subject,being responsible for the abuse of that privilege,

and no law shall ever be passed curtalling the liberty of speech or the press.In prose-

cutions for publication of papers,investigation the conduct of officers or men in publi

c capacity,or when the matter published is proper for public information,the truth

thereof may be given in evidence.And in all indictments for libels,the jury shall have

the right to determine the law and the facts,under direction of the Court,as either

case.

§13        EXCESSIVE BAIL OR FINES,CRUEL AND UNUSAL PUNISHMENT,BY DUE COURSE OF LAW:

Sec.13.Excessive bail shall not be required,nor excessive fines imposed,nor cruel or

unusal punishment inflicted.All Courts shall be open,and every person for an injury,

done him,in his lands,goods,person or reputation,shall have remedy by due course of

law.

§17.           Taking Inverse Condemnation:

Sec.17.No person's property shall be taken,damage or destroyed for use or applied to

public use without adequater compensation being made,unless by the consent of such

person,and when taken,except for use of the state,such compensation shall be first

made,or secured by a deposit of money....

§19.       Deprivation of Life.Liberty,ect,due course of law:

Sec.19.No citizen of this state shall be deprived of life,liberty,property,privileges o

r immunities,or in any manner disfranchised,except by due course of the law of the land

(K)  APPENDIX IN CIVIL CASES:

UNITED STATES CONSTITUTIONS:AMENDMENTS:

## AMENDMENT I[1791]

Congress shall make no law respecting an establishment or religion,or prohibiting the free exercise thereof,or abridging the freedom of speech,or the press,or the right of the people peacably to assemble,and to petition the Government for redress of grievances

## AMENDMENT IV[1791]

The right of the people to be secure in their person,houses,papers,and effects against unreasonable searches and seizures,shall not be violated,no warrants shall issue,but upon probable cause,supported by Oath or affirmation,and particularly describing the place to be searched,and the person or thing to be seized.

## AMENDMENT V[1791]

No person shall be held to answer for a capitol,or otherwise infamous crime,unless on a presentment or indictment of a Grand Jury,except in cases arising in the land or naval forces,or in the Militia when in actual service in time of War or public danger,nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb;nor shall be compelled in any criminal case to be a witness against himself,nor be deprived of life,liberty,or property,without due process of law,nor shall private property be taken for public use,without just compensation.

## AMENDMENT VI[1791]

In all criminal prosecutions,the accused shall enjoy the right to a speedy and public Trial,by an impartial jury of the State and district wherein the crime shall have been committed,which district shall have been previously ascertain by law,and to be informed of the nature and cause of the accusation,to be confronted with the witnesses against him,to have compulsory process for obtaining witnesses in his favor,and to have the Assistance of Counsel for his defense.

## AMENDMENT VII[1791]

In Suits at common law,where the value in controversy shall exceed twenty dollars,the right of trial by jury shall be preserved,and no fact tried by jury,shall be otherwise re-examined in any Court of the United States than according to the rules of the common Law.

27[PFR]

(K)  APPENDIX IN CIVIL CASES:

## AMENDMENT VIII [1791]

Excessive bail shall not be required,nor excessive fines imposed,nor cruel and unusal punishment inflicted.

## AMENDMENT XIV [1868]

Section 1.All person born or naturalized in the United States,and Subject to the Jurisdiction thereof,are citizens of the United States and of the States wherein they reside.No State shall make or enforce any law which abridge the privileges or immunities of citizens of the United States,nor shall any State deprive any person within its jurisdiction the equal protection of the laws.

(K)                    VERIFICATION BY UNSWORN DECLARATION:

I,ALLEN GLENN THOMAS,TDCJ-CID#633145,being currently incarcerated within the

French M.Robertson Unit of TDCJ-CID'S system in JONES County,TEXAS,I,do hereby and

verify and declares under the penalty of perjury that the foregoing motion/statement

made are both true and correct,as well as offered in GOOD FAITH.

[Civ.Prac.& Rem.CODE.§132.001 et.seq.,/28 U,S.C.§1746]

SIGNED AND DECLARED ON THIS THE_____16th_____day of_January_____2015

                                    Respectfully Submitted,

                        /S/ _Allen Glenn Thomas_____

                                ALLEN GLENN THOMAS,Pro-Se

                                TDCJ-CID#633145

                                    French M.Robertson Unit
                                    12071 FM 3522
                                    Abilene,Texas 79601-8799

                                    Phone NO.(325)548-9035

                        CERTIFICATE OF SERVICE:

I,ALLEN GLENN THOMAS,TDCJ-CID#633145,I,do hereby,certify that a true and correct

copy of this motion/statement made herein are both true and correctly filed TO

CLERK BLAKE A.HAWTHORNE:SUPREME COURT OF TEXAS-201 W.14th St.ROOM 104-P.O.BOX 12248-

Austin,Texas 78711,via by U.S.Mail.

SIGNED AND CERTIFIED ON THIS THE____16th__day of_January_____2015

                                    Respectfully Submitted,

                        /S/ _Allen Glenn Thomas_____

                                ALLEN GLENN THOMAS,Pro-Se

                                TDCJ-CID#633145

                                French M.Robertson Unit

                                12071 FM 3522

                                Abilene,Texas 79601-8799

                                Phone NO.(325)548-9035



RE: Case No. 11-0335
COA #: 11-10-00288-CV
STYLE: ALLEN GLENN THOMAS
v. TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL.

Today the Supreme Court of Texas granted the motion for extension of time to file petition for review under Tex. R. App. P. 53.7(f) in the above-referenced case. The petition for review is due to be filed no later than **June 15, 2011**.

MAIL TO:

7 G 4 9 B

MR. ALLEN GLENN THOMAS
#633145 FRENCH M ROBERTSON UNIT
12071 FM 3522
ABILENE TX 79601